MARQUIS D. L. MOWRY, Administrator, *vs.* WANTON M. HARRIS.

Pub. Stat. R. I. cap. 205, § 7, of the limitation of actions, provides that if any person, for or against whom an action has accrued, dies before the time limited for bringing such actions, and the cause of action survives, such action may be commenced by or against his executor or administrator, "at any time within one year after the granting of letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter."

Pub. Stat. R. I. cap. 181, § 7, by which the operation of any decree of any probate court appealed from is suspended until such decree is affirmed by the Supreme Court, contains the proviso, "that if the decree shall be for granting letters . . . . . of administration . . . . . the administrator . . . . . on giving bond according to law, shall have power to collect, receive and take possession of all the rights, credits and estates of the . . . intestate . . . which by law he could have collected, received or taken possession of, provided no appeal had been made," etc.

L. was appointed administrator of an estate by a decree of a probate court, and

duly qualified. The decree of the probate court was appealed from and reversed by the Supreme Court. Subsequently M. was appointed administrator on the estate, and commenced an action on a claim which was then barred by the provisions of Pub. Stat. R. I. cap. 205, unless the one year after the granting of letters of administration within which, under Pub. Stat. R. I. cap. 205, § 7, an action may be commenced, began to run from the date of the appointment and qualification of M. as administrator.

*Held*, that the one year after the granting of letters of administration mentioned in cap. 205, § 7, commenced to run from the date of the appointment and qualification of L. as administrator, and not from the time of the appointment and qualification of M.

ASSUMPSIT. Certified from the Common Pleas Division on demurrer to replication.

*March* 17, 1894. TILLINGHAST, J. This is *assumpsit* to recover the amount claimed to be due on a promissory note for the sum of $221, dated April 6th, 1885, and payable on demand with interest.

In addition to the plea of the general issue the defendant has filed two pleas in bar, in the first of which he sets up that at any time within six years he never promised in manner and form as the plaintiff has declared against him, and in the second of which he sets up that the plaintiff's cause of action, if any he has, did not accrue to him at any time within six years next before the commencement of his said action, to which said pleas the plaintiff has filed the following replication, viz. :—

"And the said plaintiff for replication to the defendant's second and third pleas above pleaded, says, that by anything by the said Wanton M. Harris, defendant, in his second and third pleas above pleaded in bar alleged, ought not to be precluded from having and maintaining his action aforesaid against the said Wanton M. Harris, defendant, because he says that the said Van Buren Mowry, to whom the said action accrued, and before the time limited for bringing the said action on the seventeenth day of January, 1890, at Smithfield, in the county of Providence and State of Rhode Island, died, and the several causes of action in said declaration mentioned accrued to said Van Buren Mowry within six years next preceding the time of the death of said Van Buren Mowry, and the said several causes of action survived the

death of said Van Buren Mowry, and an action thereof and
thereon might have been sued and prosecuted by said Van
Buren Mowry at the time of his death, and after the death
of said Van Buren Mowry, Wanton M. Harris, of the city of
Woonsocket, in the county of Providence, and others, made
application in writing to the court of probate of said town of
Smithfield praying that Daniel W. Latham of said town of
Smithfield might be appointed administrator of the estate of
said Van Buren Mowry, deceased, and said court of probate
on the 29th day of March, 1890, made a decree appointing said
Daniel W. Latham administrator of the estate of said Van
Buren Mowry, deceased, and said Daniel W. Latham qual-
ified under said appointment according to law; and Marquis
D. L. Mowry, of the town of North Smithfield, in said county
and state, guardian of the person and estate of Edwin H.
Mowry, of said North Smithfield, brother and next of kin
of said Van Buren Mowry, deceased, appealed from said de-
cree of said court of probate so appointing said Latham ad-
ministrator, to the October term of the Supreme Court for
the county of Providence, to be holden at Providence within
and for the county of Providence, on the first Monday of
October, 1890, and duly entered his appeal at said term of
said Supreme Court, and said appeal was continued from
term to term of said court until the April term thereof, 1891;
and such proceedings were had thereon upon said appeal at
said April term that on August 1st, 1891, said Supreme
Court ordered that the decree of the probate court of Smith-
field appointing Daniel W. Latham administrator be re-
versed, and said probate court is directed to appoint the said
Marquis D. L. Mowry, if a suitable person; and thereupon
such proceedings were had by said court of probate that on
the 26th day of September, 1891, said court of probate ap-
pointed Marquis D. L. Mowry, the plaintiff, administrator
of the estate of Van Buren Mowry, deceased, and said Mar-
quis D. L. Mowry qualified under said appointment accord-
ing to law, and within one year after granting letters of
administration to said plaintiff, to wit, on the 21st day of
November, 1891, the plaintiff commenced his present action

and declared in the same for the several causes of action aforementioned, and all this he is ready to verify. Wherefore he prays judgment and his damages, &c., to be adjudged to him," &c.

To this replication the defendant has filed the following demurrer, viz.:—

"And the said defendant saith, that the replication of the plaintiff to the second and third pleas of the said defendant and the matters therein contained, in manner and form as the same are above pleaded and set forth, are not sufficient in law for the said plaintiff to have or maintain his aforesaid action thereof against the said defendant, and that he, the said defendant, is not bound by law to answer the same, and he states and shows to the court here the following cause of demurrer in law to the replication, that is to say: The period of time between the qualification of Daniel W. Latham as administrator upon the estate of Van Buren Mowry, deceased, and the time when the Supreme Court reversed the decree appointing him such administrator, is included within the six years provided by law in such cases for the commencement of actions and the extension of one year to said term referred to in said replication, and therefore said action was not brought within said extended term of one year, and this he is ready to verify; wherefore by reason of the insufficiency of the said replication in this behalf, the said defendant prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him," &c.

The question as to the sufficiency of the plaintiff's replication to said plea in bar depends mainly upon the construction to be put upon the provisions of Pub. Stat. R. I. cap. 181, § 7. Said section is as follows, viz.: "In case any order, decree or determination of any court of probate shall be appealed from, the operation of such order or decree shall be suspended until the same shall be affirmed by the supreme court: Provided, that if the decree shall be for granting letters testamentary, of administration or guardianship, the executor, administrator or guardian on giving bond accord-

ing to law, shall have power to collect, receive and take possession of all the rights, credits and estates of the testator, intestate or ward, which by law he could have collected, received or taken possession of, provided no appeal had been made, and to take proper care of the ward and his family pending such appeal."

At the date of the death of said Van Buren Mowry, the time limited by law for bringing an action on the note in question had not expired. By virtue of the provision of Pub. Stat. R. I. cap. 205, § 7,[1] (now as amended being cap. 14, § 8, of the Judiciary Act), the operation of the general statute of limitations, which had commenced to run against said note was suspended until the appointment and qualification of an administrator on the estate of deceased, after which said administrator was allowed one year in which to commence his action thereon. Failing to commence said action within this time, the note in question would be outlawed.

The replication shows that on the 29th of March, 1890, Daniel W. Latham was appointed administrator of the estate of said Van Buren Mowry, and duly qualified according to law thereunder; that from this appointment an appeal was taken by said Marquis D. L. Mowry, guardian of the person and estate of Edwin H. Mowry, the next of kin of the deceased, which appeal was thereafterwards, on the 26th day of September, 1891, by this court decided in favor of the appellant, (see 17 R. I. 480); that on the 26th of September, 1891, said Mowry was duly appointed administrator of the estate of Van Buren Mowry, and thereafterwards, on the 21st of November, 1891, which was six years, seven months and fifteen days after the date of said note, and one year, seven months and twenty-two days after the appointment

---

[1] As follows:

Sec. 7. If any person, for or against whom any of such actions shall accrue, shall die before the time limited for bringing the same, or within sixty days after the expiration of said time, and the cause of such action shall survive, such action may be commenced by or against the executor or administrator of the deceased person, as the case may be, at any time within one year after the granting of letters testamentary or of administration, and not afterwards, if barred by the provisions of this chapter.

and qualification of said Latham, commenced the action in question. The plaintiff contends that as the decree of the said probate court appointing said Latham administrator was reversed by this court, the latter never was administrator of the estate of the deceased, the effect of the reversal being to vacate the decree *in toto*, and hence that the "one year after the granting of letters of administration" mentioned in the statute, did not commence to run until the appointment of said Marquis D. L. Mowry as administrator on said estate. In support of this position he cites *Jones* v. *Dyer*, 20 Ala. 373; 1 Williams on Executors, 588; *Washburn* v. *Dorsey*, 8 S. & M. 214; *Thomas* v. *Butler*, 1 Ventris, 217, 219; Packman's case, 6 Co. 18 *b*; *Digby* v. *Hollis*, 3 Bacon's Abridgment, *51; 2 Wœrner's American Law of Administration, § 547 and cases cited; *Tarbox* v. *Fisher*, 50 Me. 236; *Paine* v. *Cowdin*, 17 Pick. 142; *Arnold* v. *Sabin*, 4 Cush. 46; *State* v. *Williams*, 9 Gill, 172; *Martin* v. *Fuller*, Comb. 371; *Stone* v. *Spillman*, 16 Tex. 432; *Skinner* v. *Bland*, 87 N. C. 168.

These authorities are to the effect that an appeal when properly perfected, removes a case wholly and absolutely from the trial court, and places it completely within the jurisdiction of the appellate tribunal. That is, it becomes a *supersedeas* or a stay of proceedings to enforce execution, and hence the jurisdiction and control of the court below entirely ceases. That such is the general rule of law there is no question. See Elliott on Appellate Procedure, § 541, and cases in note 1. But that this rule has been materially modified by the provisions of the statute above quoted is clearly evident, and hence said authorities are not in point. For while said statute declares that in case of an appeal the operation of the order or decree appealed from shall be suspended until affirmed by the Supreme Court, it also expressly provides that if the decree shall be for granting letters of administration, the administrator on giving bond shall have power to collect, receive and take possession of all the rights, credits and estates of the testator which by law he could have collected, received or taken possession of, provided no appeal

had been made. The powers of an administrator, then, in so far as they are enumerated in the proviso of said statute, are precisely the same after as before the appeal is taken. In other words, he continues to be the administrator for said purposes the same as though no appeal had been taken. See 2 Wœrner's American Law of Administration, § 548. Until the reversal by this court of the decree of the probate court appointing Daniel W. Latham administrator as aforesaid, then, he had full power to collect and receive the debt in question, and as incidental thereto, the right to commence and prosecute a suit at law for the collection thereof, upon the familiar principle that "whenever a power is given by statute, everything necessary to make it effectual, everything essential to the exercise of it, is given by implication." Endlich on Interpretation of Statutes, § 418, and cases cited in note 12 ; Sutherland on Statutory construction, §§ 340, 341. In other words, said Latham was, until removed as aforesaid, as fully qualified in every respect to enforce the collection of said debt as said Marquis D. L. Mowry would have been had he been appointed and qualified on the 29th of March, 1890. It necessarily follows, therefore, that the " one year after the granting of letters . . . . of administration," mentioned in said § 7 of cap. 205, within which an action may be commenced upon a claim which, but for said provision, would be barred by the statute of limitations, commenced to run in this case from the date of the appointment and qualification of said Latham as administrator, and not from the time of the appointment and qualification of said Marquis D. L. Mowry.

*Demurrer sustained.*

*Marquis D. L. Mowry, pro se ipso.*
*Stephen A. Cooke & Louis L. Angell,* for defendant.