GARDINER B. KENYON, Appellant, *vs.* LOUIS F. HART *et als.,* Appellees.

FEBRUARY 18, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Bills of Particulars.*

The office of a bill of particulars is not to make a pleading good in law which would otherwise be defective, but to furnish a more detailed statement of facts which already appear as general averments in a pleading legally sufficient.

*(2) Bills of Particulars.*

Save as regulated by statute the granting of a bill of particulars is within the legal discretion of the court and its action will not be disturbed unless there has been an abuse of discretion, and in no case should the action of the trial court, upon an application for a bill of particulars be regarded as reversible error, unless it clearly appears that substantial harm has resulted therefrom.

*(3) Probate Appeals.*

At a hearing before a probate court, upon petition for the removal of an administrator, respondent moved for a bill of particulars of the charges,

which was denied, and upon hearing the court entered decree granting the petition and respondent appealed, on the ground that the decision denying the motion was error, and on hearing in the Superior Court, without receiving evidence the court entered decision reversing the decree:

*Held*, that respondent should have seasonably renewed his motion in the Superior Court and exception to decision of Superior Court, sustained.

(4)  -Probate Appeals.

An appeal from a probate court to the Superior Court is not in the nature of a writ of error or a bill of exceptions, and the rulings of the probate court made at the hearing do not come before the Superior Court for review, but only the alleged error that inheres in the decree.

(5)  Probate Appeals.  Sufficiency of Allegations in Probate Proceedings.

Where a probate court had jurisdiction of the subject-matter and of the parties, although the allegations in a petition for removal of an administrator were not alleged with certainty and particularity, yet under the provisions of Gen. Laws, 1909, cap. 311, § 8, the decree entered by the probate court should not be deemed invalid and reversed by the Superior Court on appeal on the ground of insufficiency of such allegations, but the appeal should be tried upon its merits.

PROBATE APPEAL.  Heard on exceptions of appellee and sustained.

SWEETLAND, J.  The above entitled case is an appeal from a decree of the probate court of Hopkinton removing the appellant from his office as administrator of the estate of Moses Hart.

On March 21, 1913, the appellant was appointed by said probate court administrator of said estate.  On October 5, 1914, the appellee, Louis F. Hart, filed in said probate court a petition for the removal of the appellant from said office, and alleged in said petition "that said Gardiner B. Kenyon, administrator, has neglected and refused to perform his duties as administrator, and that he has wasted and is wasting the estate of said Moses Hart, deceased, and is evidently incapable of executing said trust."  At the hearing on said petition the appellant, Kenyon, moved that said probate court order the petitioner to furnish a bill of particulars showing when and in what respect said Kenyon had neglected and refused to perform the duties of said office, and also in what particulars and to what extent he had

wasted said estate "specifying each particular act of waste." The probate court denied said motion, proceeded with the hearing, found "that said Gardiner B. Kenyon has neglected to perform his duties as administrator" and decreed that said Kenyon be removed from his said office and trust as administrator. From said decree said Kenyon duly appealed to the Superior Court. Among his reasons of appeal filed in the Superior Court are the following:

"Eighth.—Because the decision of said probate court, in the hearing upon said petition, in denying the motion of said Gardiner B. Kenyon for a Bill of Particulars, was erroneous. and against the law.

"Ninth.—Because said Probate Court, before proceeding to a hearing of said petition for the removal of said Gardiner B. Kenyon from his office and trust aforesaid, should have granted his motion for a Bill of Particulars.

"Tenth.—Because said petition upon which said order or decree is based states merely conclusions of law and does not state any facts on which said conclusions are based.

"Eleventh.—Because said Probate Court proceeded to a hearing upon said petition, which said petition does not allege a single fact, which, if proved true, would show that said Gardiner B. Kenyon had neglected or refused to perform his duties as such administrator, or had wasted or was wasting the estate of said Moses Hart, deceased."

The appeal was tried before a justice of the Superior Court sitting without a jury. Without receiving evidence, on motion of the appellant, said justice entered his decision "reversing the order and decree of the probate court of the town of Hopkinton appealed from, and awarding costs to the appellant against the appellees for the reasons set forth in the appellant's eighth, ninth, tenth and eleventh reasons of appeal."

The case is before us upon the appellees' exception to said decision of the justice of the Superior Court.

By reference to said eighth, ninth, tenth and eleventh reasons of appeal it appears that the decision of said justice

is based upon two grounds: first, that the probate court erred in not ordering a bill of particulars at the time of the hearing before it; and second, that the allegations of the petition are not sufficient in law to require the appellant to defend, or to warrant the consideration of said petition by the probate court or by said justice. These two grounds are not entirely consistent. For if the probate court ought to have ordered a bill of particulars the petition must be regarded as legally sufficient in its allegations.

The office of a bill of particulars is not to make a pleading good in law which would otherwise be defective, but to furnish to the opposing party a more particular and detailed statement of facts which already appear as general averments in a pleading legally sufficient. Save as the same is regulated by statute the granting of a bill of particulars has always been regarded by this court as a matter within the legal discretion of the court to which an application therefor is made; and the action of the trial court will not be disturbed unless it appears that there has been an abuse of discretion. A transcript or report of the proceedings at the hearing in the probate court was not before said justice. The parties agree that at said hearing a motion for a bill of particulars was made by the appellant and denied. It nowhere appears that a request for continuance was at that time made by the appellant. With reason the probate court may have considered that a bill of particulars granted at the hearing would not be useful to the appellant in preparing his defence and in the circumstances would only result in restricting the evidence of the appellee. In no case should the action of the trial court upon an application for a bill of particulars be regarded as reversible error unless it clearly appears that substantial harm has resulted therefrom. It does not appear that at said hearing evidence was introduced by the appellee in support of all the grounds for removal set out in his petition. It does appear in the decree of the probate court that it granted said petition upon the sole ground that the appellant had "neglected

to perform his duties as administrator." This may have been the only ground upon which the appellee presented evidence at the hearing. As to this allegation of the petition the probate court not unreasonably may have considered that no specifications were required. It does not clearly appear that any injury resulted to the appellant from the refusal of the probate court to order a bill of particulars.

(4)     The fundamental question arises as to the jurisdiction of the Superior Court to consider this ruling of the probate court made at the hearing. Under our practice an appeal from the decree of the probate court to the Superior Court is not in the nature of a writ of error or a bill of exceptions. We are of the opinion that upon an appeal from the decree of a probate court the rulings of said court made at the hearing do. not come before the Superior Court for review, but only the alleged error that inheres in the decree. In discussing the nature of probate appeals in this State we have said in *Vaill* v. *McPhail*, 34 R. I. 361, at pages 370 and 372: "The Superior Court however is not a court for the review of error. The appeal is taken to a single order or decree of the Probate Court, and although, by the terms of the statute, the appellant is restricted to the reasons of appeal specifically stated, unless the subject-matter of the decree appealed from is separable, as in the case of an account, the nature of the proceeding necessitates a retrial of the matter upon which that particular order or decree was based." . . . "As we have discussed above, although our statute in regard to probate appeals provides that the appellant shall be restricted to his reasons of appeal specifically stated, yet in practice the trial in the. Superior Court in most cases is essentially *de novo.*"

If in the Superior Court the appellant still considered that to prepare properly for trial he should be informed of the particulars of the charges made against him he ought seasonably to have renewed his motion. We do not sustain the first ground of the decision of said justice.

The allegations in the petition are substantially in the language of the statutory provisions authorizing the removal of an administrator for cause. Gen. Laws, 1909, Chapter 312, § 13. By the averments in said petition the respondent was informed in a general way at least of the charges against him. Having in view the nature of probate proceedings this court has always been reluctant to set aside the decrees of courts of probate for formal defects in the proceedings, or for alleged insufficiencies in the allegations contained in applications and petitions before said courts. *Angell* v. *Court of Probate,* 11 R. I. 187; *Robbins* v. *Tafft,* 12 R. I. 67. The probate court of Hopkinton had jurisdiction of the subject-matter of the petition, and said probate court and the Superior Court upon appeal had jurisdiction of the parties. The objections of the appellant contained in his tenth and eleventh reasons of appeal, which objections were adopted by said justice, are sufficiently answered by reference to Gen. Laws, 1909, Chapter 311, § 8, which is as follows: "Sec. 8. No order or decree of a probate court which may be appealed from, or in any collateral proceeding when the same shall not have been appealed from, shall be deemed to be invalid, or be quashed, for want of proper form, or for want of jurisdiction appearing upon the record, if the probate court had jurisdiction of the subject-matter of such order or decree. The Superior Court having jurisdiction of the parties to a probate appeal may allow amendments to be made in the papers filed in the case, to supply any deficiency or correct errors therein, upon such terms as it may deem proper." Substantially the same statutory provision was construed by this court in *Angell* v. *Angell,* 14 R. I. 541, and it was held that "the provision is that the judgment, if the court have jurisdiction of its subject-matter, shall not be deemed to be invalid 'for want of jurisdiction appearing upon the face of the papers;' which means, as we construe the language, that the judgment shall be upheld as *prima facie* valid, even when the record does not show affirmatively, by express allegations or recital, the existence

34.

of the particular jurisdictional facts which are necessary to its validity.'' In that case the court held the appointment of a guardian to be *prima facie* valid, although it found the application for the appointment to be clearly insufficient and defective. In the petition before us some of the grounds for removal are not alleged with the certainty and particularity required by the rules of common law pleading. Nevertheless in accordance with the broad construction which this court has given to Gen. Laws, 1909, Chapter 311, § 8, the decree entered by the probate court should not be deemed invalid and be reversed on the ground of the insufficiency of the allegations of the petition.

The exception of the appellee to the decision of said justice is sustained. The case is remitted to the Superior Court with discretion to try said appeal upon its merits.

*Edward M. Burke*, for appellant.

*Archambault & Archambault*, for appellee.

