INDUSTRIAL TRUST COMPANY, Admr. *vs.* JAMES McLAUGH-
LIN *et al.*

JUNE 22, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)* *Wills.* *Gift to Class.* "*Children.*"

By will executed in 1913; testator devised to each of three children a specific-
ally designated parcel of land, of practically the same value; in 1915 another
child X was born and thereafter testator purchased another parcel of land of
about the same value as the other parcels; and frequently referred to the
last parcel as a home he had provided for X. Testator never changed his
will, which provided that one-third of the residue should go to his wife and
"the remaining two-thirds to my children, the childrens' share, to be held
in trust."

*Held,* that in the absence of a testamentary devise or a conveyance or declara-
tion of trust, X. did not obtain any special interest or share in the last parcel
of land.

*Held,* further that the gift to the children of a share in the residue being
immediately operative upon testator's death, the members of the class
coming under the designation of "my children" were to be ascertained at
that time and the class included all of the four children of testator who
survived him.

*(2)* *Wills.* *Inconsistent Provisions.*

Where two provisions in a will, each in itself explicit, are inconsistent, and
there is no specific or general intent apparent in the will excluding the
conclusion that the primary intention was forgotten or changed, and there
is no construction which will uphold both provisions, the later provision must
prevail.

*(3)* *Wills.* *Inconsistent Provisions.* *Conditional and Absolute Gifts.*

Where there is no general intent apparent in a will warranting such action,
the court cannot harmonize the provisions of a conditional and an absolute
devise by destroying the later absolute gift.

*(4)* *Wills.* *Sale of Property.*

In one clause of a will testator requested that all the wood lots, timber lands
and tillage lands be sold as soon as convenient at public auction and the
proceeds become a part of the general estate out of which the legacies
might be paid if necessary and in a later paragraph gave authority to his
executors and trustees to sell both real and personal property at private
sale or public auction.

*Held,* that the "request" in the first clause was directory merely as to the time
and manner of the sale of the lands therein referred to and that in the later
clause power was given to the executors to sell the wood lots, timber lands
and tillage lands either at private sale or public auction in their discretion.

*(5)   Wills.   Sale of Estate.   Administrator with Will Annexed.   Powers.*

Where testator named his wife and brother as joint executors and trustees and
gave the residue one-third to his wife and two-thirds to his children, the
provision to the children being in trust, and the wife and brother resigned
as executors and complainant trust company was appointed adminis-
trator *de bonis non* with the will annexed, and the will authorized the
executors and trustees to sell both real and personal estate at public auction
or private sale and to invest the proceeds:

*Held*, that the sale of the real estate was to be made in furtherance of the
duties of the executors in settling the estate and there was nothing to
indicate that the power to sell was given to the executors as individuals
apart from their office and hence under Gen. Laws, cap 312, § 26, the trust
company as administrator with the will annexed succeeded to the power
of the original executors.

*Held*, further, that as the power to sell was specifically given to the executors,
by the testator, the administrator needed no special authorization for sale
from the court.

BILL IN EQUITY seeking construction of will.

SWEETLAND, C. J.   This is a bill in equity asking for the
construction of certain provisions of the will of John Mc-
Laughlin, late of the town of Cumberland, deceased, and
for instructions.   The cause being in the Superior Court
ready for hearing for final decree has been certified to this
court for determination.

The will is inartistically drawn and was executed June 9,
1913.   At that time the testator had living a wife, Elizabeth
McLaughlin, and three minor children who are respondents
here.   In the Superior Court a guardian *ad litem* was
appointed for said three minors.   On January 25, 1915,
another daughter was born to the testator, the respondent
Helen McLaughlin, for whom in the Superior Court a
guardian *ad litem* was appointed other than that for the
other three minors.   Each of these guardians argued before
the court in support of the interests of their wards, and has
filed carefully drawn briefs.   Without adding a codicil to
his will, the testator died on March 18, 1917.   In said will
the testator named his wife Elizabeth McLaughlin and his
brother James McLaughlin as joint executors and trustees.
These qualified as executors and served for a time.   They

then resigned, and the complainant trust company was appointed administrator *de bonis non* with the will annexed, has accepted the office and qualified as such.

The first question as to which instructions is asked is as to what share, if any, the respondent Helen McLaughlin takes in the estate of the testator.

In the will the testator devises to each of his three children, as part of his bounty to them, a specifically designated parcel of land with a house thereon. In the Superior Court evidence was introduced from which it clearly appears that these pieces of real estate given to his children were of practically the same value; that after the birth of Helen he purchased another parcel, known as the Budlong Farm, of about the same value as the other parcels; and that afterwards during his life, in the presence of his wife, the testator frequently referred to the Budlong Farm as a home which he had provided for Helen. He never changed his will, however, or took other appropriate action to carry his purpose into effect. In the absence of a testamentary devise, or a conveyance or declaration of trust in writing signed by said John McLaughlin, Helen does not, by reason of the circumstances appearing in said evidence, obtain any special interest or share in the Budlong Farm. (Section 2, Chapter 253, Gen. Laws, 1909.)

After a certain legacy and certain devises, the testator provided by his will that one third of all the rest, residue and remainder of his estate should go to his wife "and the remaining two thirds to my children, the childrens' share, however, to be held in trust." Before us the parties have discussed as to whether Helen shares in this gift to the testator's children or whether as to Helen the testator should be held to have died intestate in accordance with the provisions of Section 22, Chapter 254, General Laws, 1909, which is as follows: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died in-

testate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

The complainant avers in the bill that "no provision for said minor daughter Helen was made by said will or by codicil thereto." The language of the gift of two-thirds of the residue of the estate is not to the testators' children designated by name, nor does the testator in any other manner restrict the gift to his children alive at the time of making the will. Ordinarily such a gift as one "to my children," without more, is construed as a gift to a class in the absence of an intention to be gathered from the will that it is one to individuals. The fact that at the time this will was made Helen was as yet unborn is not a circumstance which alone would indicate an intention to restrict the right to share in the residue to the testators' three children then alive. A will speaks and takes effect as if executed immediately before the death of the testator. That is the general rule recognized in our cases. *Coggeshall* v. *Home for Children*, 18 R. I. 696; *Hazard* v. *Gushee*, 35 R. I. 438; *R. I. Hospital Co.* v. *R. I. Homeopathic Hospital*, 87 Atl. 177. Our statute also provides in Section 6, Chapter 254, General Laws, 1909, that every will shall be construed with reference to the real and personal estate comprised in it to take effect from the death of the testator unless a contrary intention appears in the will. The gift to the testator's children of a share in the residue of his estate, being immediately operative upon his death, the members of the class who come within the designation of "my children" are to be ascertained at that time, and the class includes all of the four children of the testator who survived him.

We answer the first question with regard to which instruction is sought by saying that the respondent Helen McLaughlin shares equally with her sisters and her brother in two-thirds of the residue of the estate under the provision of the sixth paragraph of the will.

By the second paragraph of the will the testator devised a certain dwelling house, barn and land to his wife and

further provided as follows: "I also give and bequeath to my beloved wife one third of all the rest, residue and remainder of my property, mention of which property is more specifically hereinafter made, . . . in the event of her remarriage after my decease I give to her the sum of five thousand dollars outright, instead of the one third herein bequeathed to her, together with the house and land above bequeathed to her." In the sixth paragraph the testator provides: "Sixth: All the rest, residue and remainder of my estate . . . I give devise and bequeath one third to my beloved wife and the remaining two-thirds to my children, the childrens' share however to be held in trust." Because of these two provisions for the widow, which are claimed to be repugnant, instruction is asked: "As to whether the bequest to Elizabeth McLaughlin, widow of said John McLaughlin deceased, contained in the sixth clause of said will is affected or modified by the condition in the second clause thereof, or whether the bequest to said Elizabeth McLaughlin is absolute."

In behalf of the widow the rule of construction is urged that when a later clause in a will is repugnant to a former provision, the later clause, being the last expression of the testator's intention, must prevail. The two provisions in question are inconsistent. Each in itself is explicit. By the second clause one-third of the residue is given to the widow with a condition of defeasance in the event of her remarriage; in the sixth clause a gift of the same quantity is made without such condition. They each stand separate and distinct from the other. While we may conjecture that it is unlikely that the intention expressed in the second clause was forgotten or changed before the testator reached the sixth clause, there is no specific or general intent apparent in the will itself which will exclude that conclusion; and the same conjecture may be made with reference to any provision in a will which is plainly repugnant to an earlier provision. The rule of construction based upon the relative position of inconsistent clauses should not be applied

until an attempt has been made to reconcile such repugnant provisions·and to give effect to each.     In this matter, however, there is no construction which will uphold both these provisions.     They cannot both express the testator's intention.     The suggestion has been made. that these two provisions be read together, but no assistance will be gained from that procedure, unless the provisions of the second clause be incorporated in the sixth and the court thus place a condition on the absolute gift which the testator has failed to impose.     That would be an attempt to harmonize the provisions of a conditional and an absolute devise by destroying the later absolute gift.     From the lack of a clue, contained in the will, as to the real intention of the testator it is impossible to reconcile these repugnant provisions and the later must prevail.     We therefore advise the parties that the gift of one-third of the residue to Elizabeth McLaughlin is absolute.

The complainant further asks for instructions "as to the effect of the second paragraph of the fifth clause of said will providing for the sale of the testator's real estate, whether the sale contemplated by said paragraph may be made by private sale as well as by public auction, as to who is the proper person to make such sale and whether in making said sale special authorization from the. court is necessary."

The second paragraph of the fifth clause is as follows: "The bulk of my property consisting of wood lots, timber lands and tillage lands in the states of Rhode Island, Connecticut and Massachusetts, I request that all same be sold as soon as conveniently may be after my. decease at public auction and the proceeds therefrom become a part of my general estate out of which the legacies herein bequeathed may be paid if necessary."     In the seventh paragraph of the will is the following provision:  "Seventh: I authorize my said executors and trustees to sell both real and personal estate at private sale or at public auction, and to invest and reinvest said proceeds if in their judgment they deem it advisable."     Giving effect, if possible, to each of these

provisions we are of the opinion that the "request" in the second paragraph of the fifth clause is directory merely as to the time and manner of the sale of said wood lots, timber and tillage lands, and that in the seventh clause power is given to the executor to sell said wood lots, timber and tillage lands either at private sale or at public acution as in their judgment shall appear advisable.

(5)    In making his will it was in the contemplation of the testator that his wife and brother should act in the capacity of executors of the will, as well as trustees of the fund of two-thirds of the residue for the benefit of the testator's children. Although in the seventh cause of this inartistically drawn will the "executors and trustees" are authorized to sell, we are justified in assuming that the scrivener and the testator had in mind the persons who were to sell rather than the particular capacity in which they acted. It is plain that the testator desired and expected that his real estate other than that specifically devised should be converted into money as soon as convenient after his death, and of the money comprising the residue one-third should be paid to the widow and two-thirds retained by the widow and the brother in trust for the children. The sale of the real estate was to be made in furtherance of their duties as executors in settling the estate; the power to invest and reinvest was given to them as trustees to aid them in administering the trust for the benefit of the children. The offices of personal representative and trustee have now been separated. There is nothing in the will which indicates that the power to sell was given to the executors as individuals apart from their office. The complainant as administrator *de bonis non c. t. a.,* under the provisions of Section 26, Chapter 312, General Laws, 1909, succeeded to the power of the executors to turn the real estate into money for the purpose of administering the estate. That section is as follows: "Section 26. Executors for the time being, or administrators with the will annexed, shall have the same power to sell, lease or mortgage, and make conveyance of real estate, as are given by will to the original executors,

unless such powers be expressly given to such executors as individuals apart from such office, or provision to the contrary be made in the will."

As the power to sell the real and personal estate is specifically given to the executors by the testator, the complainant requires no special authorization for sale from the court.

We reply to the third request for instructions: that the complainant is the proper person to make sale of the testator's real estate, that such sale requires no special authorization from the court, and may be by private sale or public auction as the complainant deems advisable.

The parties on July 3, 1922, may present a form of decree in accordance with this opinion.

*Huddy, Emerson & Moulton,* for conplainant.

*Huddy, Emerson & Moulton,* for James and Elizabeth McLaughlin.

*Cooney & Cooney* for Helen McLaughlin.

*Tillinghast & Collins, Harold E. Staples,* for guardian *ad litem* of John, Maria & Elizabeth McLaughlin, minors.