WILLIAM H. McSOLEY, JR., *et al. vs.* ALICE M. McSOLEY *et al.*

DECEMBER 11, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an appeal to the superior court from a decree of the probate court of the town of Warren appointing Alice M. McSoley administratrix of the estate of her husband William H. McSoley, late of Warren, deceased. The superior court has certified the cause to this court for our determination on an agreed statement of facts in accordance with G. L. 1956, §9-24-25.

The decree appealed from was entered by the probate court on March 24, 1949 after it had denied probate on February 24, 1949 to two instruments which purported to be the last will and codicil of the decedent. In the meantime on March 2, 1949 appellants had claimed an appeal from the decree denying probate to the will and codicil. Later on March 25, 1949 they perfected such appeal in the superior court and on March 29, 1949 they perfected their appeal from the decree appointing Alice M. McSoley administratrix.

The appeal from the decree denying probate was tried first in the superior court and resulted in a verdict for appellants. The trial justice thereafter denied appellees' motion for a new trial and this court subsequently overruled their exceptions. See *McSoley* v. *McSoley*, 91 R. I. 61, 161 A.2d 216. Thereupon the superior court entered its decree reversing the decree of the probate court. On August 29, 1960 in compliance with the superior court's decree the probate court admitted to probate the will and codicil and is-

sued letters testamentary to William H. McSoley, Jr., the executor named therein.

The appeal from the decree appointing the administratrix remained pending in the superior court, since in *McSoley* v. *McSoley, supra,* we declined to pass upon the alleged illegality of such appointment. In that opinion we adverted to an earlier case, *McSoley* v. *McSoley,* 79 R. I. 124, involving the same subject and said: "As we have already indicated, the decision of this court in *McSoley* v. *McSoley, supra,* in effect held that the legality and scope of the administratrix' appointment were to be finally determined in the appellate proceedings then pending in the superior court in probate appeal No. 2629."

At long last such question is now before us for final determination. It may be stated as follows: Does a probate court after it has denied probate to a purported will and while an appeal from such denial is pending have the power to appoint an administrator of the decedent's estate?

The appellants contend that the appeal divests the probate court of jurisdiction until the appeal is determined. They base such contention principally on G. L. 1956, §33-23-2, which provides: "If an appeal is claimed from an order or decree of a probate court, the operation of such order or decree shall be suspended, except as otherwise provided, until the appeal is dismissed or discontinued or the order or decree shall be finally affirmed." They also rely upon certain expressions of this court in *Fish* v. *Field,* 40 R. I. 180, *Dyer* v. *Dyer,* 17 R. I. 547, and *Kenyon* v. *Probate Court,* 17 R. I. 652, which they assert are confirmatory of their construction of the statute. The strongest of these appears to be in *Kenyon* where it is stated at page 655, "If an appeal is taken, the jurisdiction * * * of the Probate Court * * * is suspended."

At first blush appellants' contention appears to have merit and would seem to be decisive of the precise question before us, but to discover the true scope and effect of the

language of §33-23-2 we must probe a little more deeply. First of all we must not fail to note the significance of the qualifying words therein, "except as otherwise provided * * *." This express exception requires us to look elsewhere in the statute for situations where it is "otherwise provided * * *." In doing so we find that §§33-23-3, 33-23-4, 33-23-5, 33-23-6 and 33-23-7 contain such provisions.

Section 33-23-3 is particularly applicable to the situation in the case at bar. It provides among other things: "If an appeal is claimed from a decree of a probate court granting letters * * * of administration * * * the * * * administrator * * * on giving bond as by law required, shall have power to file an inventory and to collect, receive and take possession of all the rights, credits and estates of the * * * intestate * * * as if no appeal had been claimed."

In our opinion that language was intended to authorize the appointment by the probate court of a temporary administrator pendente lite or, as otherwise sometimes called, an administrator ad colligendum for the protection of the decedent's estate. Commenting on this very matter of providing interim protection, this court said in *Briggs* v. *Probate Court,* 23 R. I. 125, 129: " * * * while it is true that after an appeal is taken the action is removed from the court below, and that court has no longer any power or control over the same, yet, as it was competent for the court to issue letters testamentary, notwithstanding the appeal, it was proper, in view of the action of said Phebe M. Clarke, for it to direct that they should be issued to said Frances V. Briggs only. It was necessary that someone should represent, care for, and protect the estate of the deceased pending the appeal * * *."

In the case at bar after the probate court had denied probate to the will and codicil there was no one authorized to represent, care for and protect the decedent's estate. Until appellants' appeal was perfected on March 25, 1949 the jurisdiction of the superior court did not attach. *Fish* v.

*Field, supra.* And even after the appeal was perfected the superior court's jurisdiction was limited to the specific subject matter brought up by the appeal, which in this instance was whether the will and codicil were valid and entitled to be admitted to probate. In other words by force of the appeal and pending its determination, the superior court acquired no other portion of the exclusive original jurisdiction of the probate court to oversee and provide for the care and protection of the decedent's estate. If, then, we were to agree with appellants' contention that the probate court had lost such jurisdiction pending their appeal the decedent's estate would be deprived of the very protection which the policy of our probate law was intended to provide. In our opinion it was because of the possibility of such a situation arising under §33-23-2 that the legislature prudently provided for exceptions thereto and that §33-23-3 was specially enacted to take care of such a situation as has arisen in the instant case. *Davis* v. *Higgins,* 63 R. I. 352; *Mowry* v. *Harris,* 18 R. I. 519.

But appellants appear to argue further, if we understand them correctly, that the existence of a formally executed will and codicil prevented the probate court from finding that the decedent died intestate and therefore it was without power to grant administration since intestacy is an indispensable prerequisite thereto. We think such a contention is clearly without merit. No instrument, even though executed in compliance with the formal requirements of G. L. 1956, §33-5-5, is a valid will unless and until it is proved that the testator also had the testamentary capacity required by §33-5-2. On February 24, 1949 appellants as proponents of the will and codicil failed to make such proof and hence failed to discharge the burden incumbent upon them of proving that William H. McSoley died testate. There is no presumption of testacy by reason of the mere existence of what purports to be a will. It must first be proved to the satisfaction of the probate court.

Until such proof is made the law presumes intestacy rather than testacy. See footnote and cases cited in 2 Woerner (3d ed.), p. 795.

There is one final argument which appellants seek to advance for our consideration. They contend that the probate court should have appointed a custodian for the purpose of caring for the decedent's estate pending their appeal. They point out that they filed a petition therefor but the probate court denied it. Whether a custodian and not an administrator was the appropriate representative in the circumstance is not open to consideration in the posture of this case. Since the appellants did not appeal from the decree denying their petition for the appointment of a custodian, and since it was not otherwise involved in their appeal from the decree appointing the administratrix which is the only matter certified here for our determination, they have no standing to seek a review of the probate court's decree. In the absence of an appeal therefrom that decree renders the matter of the appointment of a custodian res judicata.

The appellants' appeal from the decree appointing Alice M. McSoley as administratrix is denied and dismissed and the decree appealed from is affirmed with the understanding, however, that nothing in this opinion shall be deemed by the administratrix as authority for interfering with the executor since the issuance of letters testamentary to him. The cause is remanded to the superior court with direction to enter its decree in accordance with this opinion.

### On Motion for Reargument.
#### January 9, 1963.

Per Curiam. After our decision in the above cause was filed, the appellants were granted permission to present a motion for reargument. Pursuant thereto they have filed such a motion setting out therein the particular reasons on which they base their contention that justice requires a reargument of the cause.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*William H. McSoley, Jr., Edmund Wexler,* for appellants (proponents).

*Stephen R. Walsh,* for appellees (contestants).