LOUISE GROSSO *vs.* JOHN RUSCITO, *Guardian.*

JUNE 10, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

</div>

PAOLINO, J. This is an appeal by Louise Grosso, sometimes hereafter referred to as the appellant, from a decree of the probate court of the city of Providence appointing her brother John Ruscito guardian of the person and estate of their mother Brigide (Brigida) Ruscito. He will sometimes hereafter be referred to as the appellee. After a hearing thereon before a justice of the superior court a decision was entered appointing the appellant as such guardian. The case is before us on the appellee's exceptions to that decision and to certain evidentiary rulings.

On June 9, 1961 the appellee John Ruscito filed a petition in the probate court for the appointment of a guardian of the person and estate of his mother, alleging that she was of unsound mind and unable to manage her estate. At that time his mother was seventy-seven years of age. After a hearing on the petition, at which no one appeared in opposition thereto, a decree was entered on August 8, 1961 appointing appellee in accordance with the prayer of the petition.

On September 1, 1961 appellant filed a claim of appeal from such decree to the superior court. In her reasons of appeal filed September 13, 1961 she alleged in substance that appellee was not a fit, proper or suitable person to act as guardian and that the decree of the probate court was against the law and the evidence and the weight thereof.

It will serve no useful purpose to discuss in detail the evidence presented in the superior court. Suffice to say, it appears therefrom that the mother of these children is senile, ill and in great need of personal care and attention. Several witnesses testified for appellant that she was in a better position than her brother to care for their mother, whose illness was such that she required personal attention of a very intimate and delicate nature as well as bathing, cleaning and feeding. The testimony presented on behalf of appellee was in substance that he was able to perform the duties required of him as guardian.

After the hearing the trial justice decided that the mother's physical condition was such that care by a female was required and that the daughter would be the more suitable person. He therefore appointed her as guardian of the person and estate of her mother.

In accordance with our well-established rule we shall consider only those exceptions which have been briefed and argued. Exceptions not briefed or argued are deemed to be waived. *Conway* v. *Marsh,* 79 R. I. 254.

The appellee contends under exceptions 1 through 28 that certain evidentiary rulings constitute prejudicial error. After carefully examining those portions of the transcript on which these exceptions are based in context with all the testimony, we are convinced that the ultimate decision of the trial justice was not affected by the evidence involved in such rulings and therefore could not constitute prejudicial error.

Under exception 29 appellee contends that the decision is against the law and the evidence and the weight thereof. He argues that the trial justice misconceived the issue before him, i.e., that he applied an erroneous rule of law in evaluating the testimony and in arriving at his ultimate decision. He further contends that the issue was whether the probate court had abused its discretion in appointing

him and whether he was a suitable person to act as guardian.

These contentions are without merit. The cases cited by him from foreign jurisdictions are not controlling in this state and therefore require no discussion. Under our practice, although the person appealing from a decree of the probate court is restricted to his reasons of appeal specifically stated, the hearing in the superior court ordinarily is essentially de novo. *Vaill* v. *McPhail,* 34 R. I. 361, 370, 372; *Kenyon* v. *Hart,* 38 R. I. 524, 528. On appeal to the superior court the petition for the appointment of a guardian was in the nature of an original hearing. As the court said in *Vaill* v. *McPhail,* at page 370, "in appeals the same party shall hold the affirmative in the Superior Court who held the affirmative in the Probate Court."

The trial justice was charged with the duty of determining on the basis of the evidence before him, not whether the probate court had abused its discretion, but, rather, who was a suitable person to be appointed guardian of the person and estate of the mother of these parties. After hearing the evidence he decided that Louise Grosso was suitable and therefore appointed her. The only question before us is whether the evidence warrants such appointment. In our opinion it does.

There is no merit in appellee's contention that the trial justice erred in basing his decision on his finding that appellant was more suitable to act as guardian than her brother. It was clearly the duty of the trial justice to determine who was more suitable to care for this elderly and infirm mother.

We come finally to appellee's contention that the evidence given by certain witnesses who testified for his sister was not entitled to the weight given to disinterested witnesses because they were biased and interested in the outcome of this case. He makes no claim that they had a finan-

cial interest in the outcome; he merely states that they evidenced a desire to see his sister prevail. There is no merit in this contention. This is an attack on the weight of their testimony, not on their competency to testify. The question of the weight of such evidence was properly for the trial justice to determine. He had the advantage of hearing and observing the witnesses as they testified. For that reason he was in a better position than we are in passing on the weight and credibility of all the witnesses. We cannot say that in evaluating such evidence he was clearly wrong.

All of the exceptions of the appellee John Ruscito are overruled, the decree of the superior court is affirmed, and the case is remitted to that court for further proceedings.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* for appellant Louise Grosso.

*Ralph Rotondo,* for appellee John Ruscito.