337 A.2d 236.

IN RE ESTATE OF HOWARD EVERETT TAYLOR.

MAY 6, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This petition for the appointment of a guardian over the person and estate of Howard Everett Taylor (Taylor) was filed in the Probate Court of the Town of Cumberland on September 18, 1972, by Everett W. Taylor, an adult son of Taylor. At the conclusion of a hearing thereon, the probate judge found Taylor incapable of handling his own financial affairs and on March 8, 1973, appointed one James Cardono, Esquire, of the town of Cumberland, as the guardian of Taylor's person and estate.[1] Taylor claimed an appeal from this decree to the Superior Court, where the trial justice found that the probate judge had erred in finding that Taylor was in need of a guardian and thereupon discharged the guardian. From this order Taylor's son, Everett W. Taylor, hereinafter referred to as petitioner, has prosecuted an appeal to this court.

It is not disputed that after the order of the Superior Court had been entered on July 18, 1973, and while an appeal therefrom was pending in this court, Taylor conveyed certain real estate to his wife and thereafter on July 28, 1974, while this appeal was still pending, Taylor died,

---

[1]The allegations of the petition set forth portions of G. L. 1956 (1969 Reenactment) §33-15-8 as follows: that Taylor "* * * is a person of full age, a person of unsound mind, who from want of discretion in managing his estate, so spends, wastes or lessens his estate, or is likely so to do, that he may bring himself or family to want or suffering, or to render himself or family chargeable upon said town for support."

In his decision the probate judge found that Taylor "* * * is lacking in discretion, that there does exist a mental state rendering him incapable of managing his own affairs, including the management of any funds he may receive from the Government."

564

the suggestion of his death being entered on the record on November 6, 1974. This cause was finally heard on March 3, 1975.

The petitioner contends that the trial justice erred in finding that Taylor could not become "chargeable upon the town for support" within the contemplation of G. L. 1956 (1969 Reenactment) §33-15-8 and for that reason discharging the guardian.[2] The real thrust of this argument is that the Superior Court, on hearing an appeal from a decision of the Probate Court, is without jurisdiction to review the decision for errors of law on the part of the probate judge. He relies in so arguing on *Grosso* v. *Ruscito,* 96 R. I. 349, 352, 191 A.2d 608, 610 (1963), wherein this court held that on an appeal from a decree of a Probate Court the Superior Court is required to conduct what is essentially a de novo hearing. There is merit in petitioner's contention.

This court in *Malinou* v. *McCarthy,* 98 R. I. 189, 192, 200 A.2d 578, 579 (1964), made clear the function of the Superior Court in the hearing of probate appeals. We stated: "On such appeals the superior court is not a court of review of assigned errors of the probate judge, but is rather a court for retrial of the case de novo." In *Kenyon* v. *Hart,* 38 R. I. 524, 96 A. 529 (1916), this court recognized the jurisdictional nature of the question that is here raised. The court noted that under Rhode Island practice an appeal from a decree of the Probate Court to the Superior Court is neither a writ of error nor a bill of exceptions. Rather, the court indicated, upon such an appeal from a decree of the Probate Court, not the rulings of said court made at the

[2] It would appear from an examination of the record that the Superior Court misconceived the findings upon which the probate judge based his decision that Taylor was in need of a guardian. The probate judge did not find that Taylor could have become chargeable upon the town for support. Rather, he found Taylor "lacking in discretion" and "incapable of managing his own affairs."

hearing before it, but only the alleged error that inheres in the decree is removed to the Superior Court for review. *See also Vaill* v. *McPhail,* 34 R. I. 361, 83 A. 1075 (1912).

It is obvious from the record that the Superior Court did not hear this appeal de novo but rather ordered the discharge of the guardian on the basis of its conclusion that the probate judge erred in finding as a matter of law that Taylor could not become chargeable upon the town for the support of his family. We are constrained, then, to conclude that the trial justice erred in failing to conduct a de novo hearing on this appeal. Ordinarily, it would be appropriate in such circumstances for this court to remand the cause to the Superior Court to be heard de novo on the issue of whether Taylor was a person in need of a guardian in order to preserve himself and his family from want.

We are dissuaded, however, from taking such action by two important considerations. First, it is well settled that under our pertinent statutes a guardian whose appointment has been appealed continues to hold that office despite the taking of the appeal until a final disposition thereof has been made. Section 33-23-2 provides: "If an appeal is claimed from an order or decree of a probate court, the operation of such order or decree shall be suspended, except as otherwise provided, until the appeal is dismissed or discontinued or the order or decree shall be finally affirmed." Despite the apparent thrust of this statute, we said in *Mc-Soley* v. *McSoley,* 95 R. I. 257, 260, 186 A.2d 573, 574 (1962): "First of all we must not fail to note the significance of the qualifying words therein, 'except as otherwise provided * * *.' This express exception requires us to look elsewhere in the statute for situations where it is 'otherwise provided * * *.' In doing so we find that §§33-23-3, 33-23-4, 33-23-5, 33-23-6 and 33-23-7 contain such provisions."

In *McSoley* we held that the provisions of §33-23-3 are particularly applicable in cases involving the protection of

the estate of a decedent or ward when the appointment of the executor, administrator, or guardian is appealed. The statute provides, in pertinent part: "If an appeal is claimed from a decree of a probate court granting letters * * * of administration, or of guardianship, the * * * administrator or guardian, on giving bond as by law required, shall have power to file an inventory and to collect, receive and take possession of all the rights, credits and estates of the * * * intestate or ward, as if no appeal had been claimed." We made it clear in that case that a Probate Court which had denied the admission of a will to probate had authority, pending an appeal from the denial of probate, to provide for the appointment of an administrator pendente lite for the protection of the decedent's estate, and added: " 'It was necessary that someone should represent, care for, and protect the estate of the deceased pending the appeal * * *.' " In view of the nature of §33-23-3, which includes not only appeals from decrees appointing administrators but also from the appointment of executors and guardians, we hold that the principle stated in *McSoley* applies likewise to the continuance in office of a guardian where an appeal from his appointment has been taken.

Because of the view we take of the law above stated, it would serve no useful purpose to remand the cause for a hearing de novo on the question whether the Probate Court had erred in appointing a guardian over the person and estate of Taylor. During the pendency of the appeal from the order of the Superior Court discharging the guardian, under the law it is clear that the guardian appropriately continued in that office, exercising the statutory powers and obligations subject to the control and direction of the Probate Court. *See McSoley* v. *McSoley, supra*. It follows that during the time an appeal of a guardian's appointment is pending, the ward is under a corresponding disability, regardless of the outcome of the case on appeal. *See Mowry*

v. *Harris*, 18 R. I. 519, 28 A. 657 (1894). Consequently, any conveyance of realty by the ward at such time must be deemed void. General Laws 1956 (1969 Reenactment) §33-15-13. The law being clear on this matter, petitioner's contention that remand for a hearing de novo is necessary to determine the validity of the ward's conveyance of realty to his wife during the pendency of this appeal is totally without merit.

Our conviction that remand is unnecessary is buttressed by a second consideration, that is, that the death of the ward while the appeal from the Superior Court ruling was pending terminated the guardianship. Nothing in our statute continues the guardian in office thereafter for anything further than to render an accounting of his stewardship and to deliver the properties of his ward to an administrator or some similar appropriate officer of the Probate Court. In short, a guardianship must necessarily co-exist with a living ward and similarly must end with the death of the ward. *State ex rel. Emmons* v. *Hollenbeck,* 394 S.W.2d 82 (Mo. App. 1965); *Gay* v. *Stengel,* 61 N. J. Super. 411, 161 A.2d 104 (1960); *In re Bohnstedt,* 36 Del.Ch. 97, 125 A.2d 580 (1956). Of course, the death of the ward does not relieve the guardian of his obligation to preserve the estate and property of the ward and in due course to render an accounting of his doings in the Probate Court.

It is to be conceded that were we to remand the cause to the Superior Court for a hearing de novo, it is possible but hardly probable that the court might again overrule the decree of the Probate Court and discharge the guardian. It seems rather obvious that with such a result the heirs of the ward would be entitled to again appeal that order, but no useful purpose would be served by so prolonging this litigation, it being clear that the property interests and the personal welfare of the ward are being protected and furthered by the Probate Court pursuant to the statute.

Such a remand could only tend to dissipate the assets of the estate of the ward through the incurring of additional expenses arising out of such litigation.

It is our opinion that in the circumstances the ends of justice would best be served by a pro forma reversal of the order of the Superior Court discharging the guardian. Such reversal allows that individual to continue as guardian so as to comply with his obligation to render an account of the transactions involving the estate of the ward up to the time of the ward's death and to turn over any property of the ward in his hands to a proper representative of the estate of the ward.

The appeal of the petitioner is sustained, and the order of the Superior Court discharging the guardian is reversed.

*Moses Kando, James Cardono,* for petitioner.

*Anthony T. Jackvony,* for respondents.