| | |
|---|---|
| Total of Billings Pay Estimates 7, 8, 9 | $1,227,080.23 |
| Court Deductions | 216,535.20 |
| Due Tilcon from Pay Estimates 7, 8, 9 | $1,010,545.03 |
| Due Tilcon from Decision on Extras | $ 281,162.00 |
| Due Tilcon from Balance of Service Fee | $ 37,500.00 |
| Total Due Tilcon: Billings: Extras and Service Fee | $1,329,207.03 |

**TANGLERIDGE DEVELOPMENT CORP.**

v.

**Theodore B. JOSLIN, in his Capacity as Executor of the Estate of Corinne E. Joslin.**

No. 88–315–Appeal.

Supreme Court of Rhode Island.

March 5, 1990.

William R. Grimm, Stephen A. Rodio, Hinckley, Allen, Snyder & Comen, Providence, for plaintiff.

Herbert F. DeSimone, DeSimone & Licht, Providence, for defendant.

### OPINION

KELLEHER, Justice.

This is the plaintiff's appeal from the grant by a Superior Court justice of the defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure because of the plaintiff's failure to state a claim upon which relief may be granted. The plaintiff, Tangleridge Development Corp., filed a complaint for specific performance or, in the alternative, damages, alleging that the defendant, Theodore B. Joslin,[1] in his capacity as executor of the estate of Corinne E. Joslin, had refused to transfer the property in accordance with the terms of an October 13, 1987 agreement. Hereafter we shall refer to the plaintiff as Tangleridge and to the defendant as the executor.

Corinne E. Joslin died on March 23, 1984. Her will directed that Theodore, her son, be appointed the executor and that her entire estate be left to him and his sister Nancy. The testatrix specifically excluded her four other children from her will. Following a contentious proceeding before the Scituate Probate Court, the executrix's will was admitted to probate on March 4, 1985. On April 1, 1985, the children who were excluded appealed the probate decree, contending that their mother lacked testamentary capacity at the time of execution of her will. This appeal is currently pending in the Superior Court.

The primary asset of the Joslin estate is a farm located in the town of Scituate and comprising approximately 560 acres. On or about October 13, 1987, the executor accepted Tangleridge's written offer to purchase the farm. The agreement set forth various terms that included a purchase price of $4,250,000, a deposit of $100,000, and a closing date. Subsequently negotiations faltered, and ultimately the executor refused to convey the property. At that point Tangleridge instituted this action, and the executor's attorney moved to dismiss the complaint pursuant to Rule 12(b)(6). The trial justice granted the motion, emphasizing that since an appeal has been taken from the granting of letters testamentary by the Probate Court, Tangleridge's complaint against the executor was "premature."

Tangleridge contends that Theodore, as executor, was granted broad authority to sell or transfer the estate property and maintains that he breached the agreement. The testatrix's will provided, "I hereby authorize my Executor * * * whenever my Executor shall deem it necessary or advisable, without receiving the approval of any court: to sell * * * any property, real or personal, which I shall own at the time of my death; to execute assignments, transfers, and conveyances thereof as my Exec-

---

1. It should be noted that Theodore B. Joslin had been appointed executor in early March 1985 but was removed from that office in late November 1988 when the Probate Court appointed coadministrators c.t.a.

utor shall deem proper." Relying on G.L. 1956 (1984 Reenactment) § 33–23–6, in conjunction with §§ 33–23–2 and 33–23–3, the executor asserts that he, as the executor, lacked the requisite authority to convey this property to Tangleridge.

Before proceeding further, we wish to clarify the procedural status of this appeal. This court has recognized that when a trial justice considers evidence not incorporated in the final pleadings, a motion to dismiss under Rule 12(b)(6) is automatically transformed into one for summary judgment pursuant to Rule 56. *Temple Sinai–Suburban Reform Temple v. Richmond,* 112 R.I. 234, 239, 308 A.2d 508, 511 (1973). A review of the record discloses that the trial justice granted the executor's motion to dismiss Tangleridge's complaint because an appeal had been taken from the Probate Court decree appointing Theodore the executor of his mother's estate. Reliance on the appeal introduced into this litigation became a matter that was extrinsic to the pleadings. Consequently, we are compelled to treat the executor's motion as one for summary judgment. We would also emphasize that the sole issue in this case is one of law rather then one of fact.

■ On appeal this court reviews the propriety of a summary-judgment order by the same standards as a trial justice. *Steinberg v. State,* 427 A.2d 338, 340 (R.I. 1981). When there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is properly entered. *Ouimette v. Moran,* 541 A.2d 855, 856 (R.I. 1988).

Although the trial justice did not elaborate on the basis for his decision, he apparently relied upon §§ 33–23–2 and 33–23–6 in granting the executor's motion. Section 33–23–2 reads: "Suspension of order or decree pending appeal.—If an appeal is claimed from an order or decree of a probate court, the operation of such order or decree shall be suspended, except as otherwise provided, until the appeal is dismissed or discontinued or the order or decree shall be finally affirmed." In its pertinent portions § 33–23–6 provides:

"Powers over real estate pending appeal.—In case of an appeal, now, heretofore or hereafter taken from an order or decree of a probate court granting letters testamentary * * * the probate court may authorize such executor, administrator, administrator with the will annexed or guardian to sell real estate, or any interest therein, of the deceased person or ward, as the case may be, subject to the conditions, according to the practice and in the manner provided by chapter 19 of this title." [2]

■ The present issue in this litigation is to what extent an executor who has been authorized by the testator to sell real estate retains that power to sell during the pendency of an appeal. The issue appears to be one of first impression. Tangleridge refers us to *Industrial Trust Co. v. McLaughlin,* 44 R.I. 350, 357, 117 A. 428, 431 (1922), where this court observed, "As the power to sell the real and personal estate is specifically given to the executors by the testator, the complainant requires no special authorization for sale from the court." We believe that this observation is of no help because the scenario presented in *Industrial Trust* was one of relative calm where no challenge was made to the scrivener's testamentary capacity.

This court has addressed the impact of an appeal taken from an order of a Probate Court appointing a guardian in *In re Estate of Taylor,* 114 R.I. 562, 337 A.2d 236 (1975). There the court determined, "During the pendency of the appeal * * * the guardian appropriately continued in that office, exercising the statutory powers and

**2.** General Laws 1956 (1984 Reenactment) § 33–19–3 provides,

"The probate court which issued letters testamentary or of administration or guardianship or conservatorship may grant authority to an executor or administrator to sell the real estate of a deceased person, or to a guardian or conservator to sell the real estate of his ward, for cash or on credit, upon a petition filed describing the particular estate to be sold and setting forth the facts on which the petition is founded."

obligations subject to the control and direction of the Probate Court." *Id.* at 566, 337 A.2d at 239. In the *Taylor* opinion reference was made to *McSoley v. McSoley,* 95 R.I. 257, 260, 186 A.2d 573, 574 (1962), where this court pointed to the qualifying language found in § 33–23–2, which calls for the suspension of an order of the Probate Court pending appeal "except as otherwise provided." *Estate of Taylor,* 114 R.I. at 565, 337 A.2d at 239. The presence of this exception compels us to look elsewhere for guidance, more specifically to §§ 33–23–3 and 33–23–6.

Although the ultimate ruling in *Estate of Taylor* is not controlling here, we find its analysis instructive. We believe that §§ 33–23–3 and 33–23–6 set forth exceptions to the general rule delineated in § 33–23–2, which calls for the suspension of an order or decree of the Probate Court pending appeal. Section 33–23–3 sets out the specific powers of an executor pending an appeal. This provision gives the executor, administrator or guardian, on posting the required bond, power to file an inventory and to collect, receive, and take into possession all the assets of the estate, as if no appeal has been claimed. It also requires that all claims against the estate be filed within the time prescribed by law and authorizes the fiduciary with the direction of the Probate Court to "do such acts as the law requires concerning claims." Section 33–23–3 also emphasizes that all limitations in regard to the filing of claims shall apply as if no appeal had been claimed. Section 33–23–6 deals with the executor's powers over real estate pending appeal and states that pending appeal, the Probate Court may authorize the executor to sell real estate according to the practice and in the manner provided by chapter 19 of title 33. A reading of the pertinent sections of chapter 23 of title 33 clearly indicates that during the pendency of an appeal, the decree admitting the will and appointing the executor is suspended; and that in order to sell real estate, the fiduciary must first

seek the permission of the Probate Court. Since the requisite permission was never obtained, the agreement entered into by Tangleridge and the executor is a nullity. Consequently the trial justice was correct when he dismissed Tangleridge's action, even though he neglected to classify the executor's motion as one for summary judgment.

The plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court.