[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on Anna Benevides and Concetta J. Christopher's ("Defendants") motion to dismiss. Maria Scrivano ("plaintiff") has filed an objection and a supplemental objection to defendant's motion to dismiss. The Court heard arguments on the motion on July 2, 1991 and reserved decision pending the presentation of an affidavit of defendants.
This case is an appeal by the plaintiff from a probate court decision which appointed the defendants temporary co-guardians over the estate of the plaintiff.
A motion to dismiss is automatically transformed into a motion for summary judgment pursuant to Rule 56 when the evidence considered is not in the pleadings. Tangleridge DevelopmentCorp. v. Joslin, 570 A.2d 1109 (R.I. 1990). Since the question before this Court is whether plaintiff's attorney may bring the probate appeal on behalf of the plaintiff, this Court will treat it as a motion for summary judgment since it is a matter outside of the pleadings.
When ruling on a motion for summary judgment, this Court can determine only if there are any issues of fact to be resolved and cannot pass on the weight and credibility of the evidence. Doylev. State, 411 A.2d 907 (R.I. 1980); Lennon v. MacGregor,423 A.2d 820 (R.I. 1980). The trial justice must view the evidence in the light most favorable to the non-moving party drawing from such evidence all reasonable inferences that would support the non-moving parties claim. Cassador v. First National Stores,Inc., 478 A.2d 191 (R.I. 1984).
The defendants argue that plaintiff's attorney may not bring this appeal because the plaintiff is not an aggrieved person under R.I.G.L. § 33-23-1 and, as a result, does not have standing to file this petition. Defendants assert that only they, as duly appointed temporary co-guardians, may file such an appeal since plaintiff's attorney does not represent either co-guardian. Relying on Crofwell v. Goldstein, 230 A.2d 854 (R.I. 1967), defendants argue that unless an attorney has specific employment as the plaintiff's attorney, the attorney is not an aggrieved person under R.I.G.L. § 33-23-1. The plaintiff, on the other hand, asserts that the plaintiff sought representation of her interests with his firm.
In viewing the evidence in a light most favorable to the plaintiff, this Court finds the existence of a material question of fact. The evidence presented before this Court indicates the question exists as to whether or not the plaintiff hired the attorney to represent her in this matter.
Defendant's motion to dismiss is hereby denied.