MARTIN MALINOU, *Public Administrator vs.*
JUSTIN P. McCARTHY, *Probate Judge, et al.*

MAY 18, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an appeal from a decree of the probate court of the city of Providence which removed the appellant as administrator of the estate of Lillian Florence Coe and appointed Aaron Rickles administrator de bonis non on the petition of Ray O. Page, doing business as Ray O. Page Funeral Home. The appellant filed reasons of appeal in the superior court and named the probate judge, Justin P. McCarthy, together with Page as the appellees. Thereupon the named appellees moved to dismiss the appeal on the ground that the appellant had not complied with G. L. 1956, §33-23-1, governing the procedure for prosecuting appeals from probate proceedings to the superior court.

When such motion came on to be heard in the superior court the trial justice took notice sua sponte that the probate judge was not a proper party appellee and that appellant's ninth reason of appeal improperly charged the probate judge with "malicious use of the judicial power

in the proceedings appealed from." He therefore ordered that the judge be dropped as an appellee and that the ninth reason be stricken from the reasons of appeal. The appellant duly excepted to each ruling. The case is here on appellant's bill of exceptions containing the above-mentioned exceptions.

It appears from the transcript that at the conclusion of the hearing the trial justice reserved decision on the motion to dismiss for one week. A jacket entry discloses that at such time he denied the motion. That ruling being in favor of appellant and not the subject of any bill of exceptions by appellees is not before us for review in the instant proceedings. We are concerned with only two questions. Did the trial justice, acting sua sponte, err in ordering Judge McCarthy dropped as an appellee and in striking the ninth reason from the reasons of appeal? We are clearly of the opinion that he did not err in either respect.

In the first place a probate judge is not a party aggrieved in a proceeding before him. *Bowles* v. *Dannin,* 62 R. I. 36. In that case we remarked that we had found "no case in which a judge has been recognized as an appellant in a matter involving the exercise of his judicial functions." This observation is equally true where as here it is attempted to make him an appellee. It appears from the record that the only parties before the probate court in the instant case were Ray O. Page and Martin Malinou. On the appeal of Malinou to the superior court Page would be the only appellee. Therefore under Rule No. 5 of the Superior Court, appellant should have entitled his appeal and reasons as against Page only as appellee. The trial justice therefore correctly ordered Judge McCarthy dropped for two reasons—first, because the judge was not and could not be deemed a party on appeal, and also because appellant had not complied with Rule No. 5.

It further appears from the record that appellant incorporated the ninth reason among his reasons of appeal

because he felt that the probate judge was motivated by malice toward him personally in removing him as administrator and that he wished to bring this charge to the attention of the superior court for review. He therefore concluded that he should make the judge a party appellee in order to give him an opportunity to defend himself against the charge made in such reason of appeal.

In this respect appellant has misconceived the function of the superior court in hearing probate appeals. On such appeals the superior court is not a court of review of assigned errors of the probate judge, but is rather a court for retrial of the case de novo. *Donovan* v. *Potter,* 70 R. I. 75; *Davis* v. *Higgins,* 59 R. I. 339; *Kenyon* v. *Hart,* 38 R. I. 524. Under this system the effect of the probate judge's judicial attitude toward appellant is of no consequence. On the consideration of the appeal the superior court will decide the case on the facts presented to it and on its view of the law applicable thereto without regard to the probate judge's decision or the alleged unjudicial motivations that may have prompted it.

For this reason the trial justice was correct in striking the ninth reason as having no proper place in the reasons of appeal. The reason which he gave for doing so was also correct. Assuming the ninth reason was otherwise appropriate, it was decidedly not so in attributing malicious abuse of the judicial function to the probate judge. In the circumstances it was clearly not error for the trial justice to strike the ninth reason on the ground that it was gratuitous surplusage and as such was impertinent and irrelevant to the controversy before him.

Ordinarily, in a matter of this kind affecting the propriety of allegations contained in the pleadings, the trial justice waits for the party offended to invoke the court's power to purge the offensive material. But in the circumstances here it was not error for the trial justice to act sua sponte. That the court has the power to so act, when in the exercise of

its discretion such action appears to be called for, has long been acknowledged without serious question. *Warner* v. *Warner*, 135 Cal. App. 2d 302; *Tomlinson* v. *Territory*, 7 N. M. 195; 41 Am. Jur., Pleading §351, p. 531.

The appellant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Martin Malinou*, for appellant.

*Aaron Rickles*, for appellees.