## In re DAMIEN M.

## No. 2001–92–Appeal.

Supreme Court of Rhode Island.

Feb. 25, 2003.

Joseph A. Palmieri, Providence.

Paula Rosin, Providence.

### ORDER

This is an appeal from a Family Court order terminating the parental rights of the respondent-father, Lance Mosely (father or respondent). This case originally came before the Family Court with respect to the adoption petition of Elizabeth and Jorge Colon, the natural mother and step-father, respectively, of the child in question, Damien M.

On appeal, the father asks us to reverse the Family Court's termination of his parental rights and to order a new trial. He asserts that the trial justice improperly questioned him during the trial of this case, thereby revealing the trial justice's bias against him. He also contends that the trial justice erroneously concluded that he abandoned the child.

A single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to decide the appeal at this time.

After Damien's birth in August of 1989, petitioner, Elizabeth Colon (mother or petitioner), lived together with the father for a short period. According to the mother's testimony, the two first lived together at petitioner's mother's house for a few months before 1991; petitioner, however, disputes that they actually lived together during this period. In any event, the couple moved into an apartment during the summer of 1991, where they lived together with Damien for approximately six months. In December 1991, however, petitioner separated from respondent because of alleged domestic abuse. Thereafter, the father only visited with Damien on one occasion in 1997, when the mother took the child to visit him at the Adult Correctional Institutions where he was imprisoned. After separating from the mother, the father failed to comply with court-ordered child support, making only one weekly payment during all the post-separation years when he was obliged to do so. Nor did he seek to suspend his child-support obligations while he was incarcerated.

At the conclusion of the hearing, the trial justice found that the father had failed to properly care for and maintain his child for at least one year and that, consequently, he had abandoned or deserted him. As a result, the trial justice terminated the father's parental rights and granted the adoption petition. On appeal, the father suggests that the trial justice improperly questioned him during the Family Court proceedings, thereby revealing his prejudice toward him. He also contends that petitioners failed to prove the alleged abandonment by clear and convincing evidence.

We have held that "in order affirmatively to establish personal bias or prejudice [on the part of the judge], a litigant must show that such bias or prejudice is because of a preconceived or settled opinion and that mere criticism is not sufficient." *Olivieri v. Olivieri*, 760 A.2d 1246, 1252 (R.I. 2000) (citing *Cavanagh v. Cavanagh*, 118 R.I. 608, 621–22, 375 A.2d 911, 917–18 (1977)). Here, it does not appear from the record that the father objected to the trial justice's questions, moved for a mistrial, or otherwise attempted to disqualify the trial justice because of his alleged improper questioning during the trial. We have

stated repeatedly that we will not address issues raised for the first time on appeal:

"According to our well-settled 'raise or waive' rule, issues that present themselves at trial and that are not preserved by a specific objection at trial, 'sufficiently focused so as to call the trial justice's attention to the basis for said objection, may not be considered on appeal.' " *Cronan ex rel. State v. Cronan,* 774 A.2d 866, 879 (R.I.2001) (quoting *State v. Anderson,* 752 A.2d 946, 948 (R.I.2000)).

Because the father did not raise this issue with the trial court, he has therefore waived any right to challenge the trial justice's alleged bias on appeal. In any event, a trial justice may, as here, question witnesses to elicit the truth from them and to clarify matters in their testimony, provided that the trial justice maintains his or her impartiality while doing so. *See State v. Giordano,* 440 A.2d 742, 745 (R.I.1982). Thus, the mere fact that the trial justice questioned one or more witnesses during the trial was not improper or an indication of judicial bias against respondent.

The father also argues that the petitioners failed to prove abandonment by clear and convincing evidence. But our review of the evidence in this case reveals sufficient grounds for the trial justice to determine that the father's conduct towards his child constituted abandonment. By his own admission, he only saw his son on one occasion after he and the mother separated in 1991, and that was because in 1997 the mother brought the child to visit him in prison. Although the father suggested that he made no other attempts to visit his son because he was in fear of violating a no-contact order with the mother, the evidence also showed that he never made any attempts to file a motion to seek visitation with his son. Thus, his testimony regarding his paltry attempts to locate his son demonstrated that they were, at best, so half-hearted and so ineffectual as to barely distinguish them from making no effort at all. Moreover, the mere fact that, as the father argues, he may not have formed the "settled intention" to abandon his son was of no consequence in this case because the very lack of any meaningful contact between father and son for a period of at least six months constituted prima facie evidence of abandonment. *See* G.L.1956 § 15–7–7(a)(4) ("A lack of communication or contact with the child for at least a six (6) month period shall constitute prima facie evidence of abandonment or desertion."). The trial justice was entitled to conclude that the father's actions spoke louder than his words regarding his intention to develop a relationship with his son. Therefore, we hold, the trial justice properly terminated the father's parental rights.

For these reasons, we deny the respondent's appeal and affirm the Family Court's order terminating the respondent's parental rights.