**Supreme Court**
No. 2018-59-Appeal.
(WP 17-547)

Estate of Sergio Prete      :

v.      :

Probate Court of the Town of Narragansett,  :
    James L. Sheridan, Probate Judge.

# O R D E R

This case came before the Supreme Court on March 6, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. Guiseppina Gagliano, as executrix for the estate of her late husband Sergio Prete, is appealing from a Superior Court judgment dismissing her probate court appeal. After considering the parties' written submissions and reviewing the record, we conclude that cause has not been shown and proceed to decide the appeal at this time.[1] For the reasons set forth herein, we affirm the judgment of the Superior Court.

In her role as executrix of her late husband's estate, Gagliano has been trying to obtain current information about the balance in each of the accounts her husband held with several financial companies. Without formal legal representation, she enlisted the probate court's assistance in her quest for information, requesting that the probate court issue subpoenas *duces tecum* to the companies. The probate court granted her requests and issued a subpoena for each company, and each company responded. Gagliano, however, was convinced that the companies had not provided all of the information she requested. She believed that each of the companies

---

[1] Gagliano did not appear before us for oral argument of her appeal.

she contacted had withheld information from her and that these companies had conspired to withhold information and money from her husband's estate.

In August 2017, the Narragansett Probate Court held a hearing to address Gagliano's requests to hold the companies in contempt and for reissuance of the subpoenas. The probate court judge denied Gagliano's motions and instead instructed Gagliano to send each company a letter stating that they had two weeks to comply with the previously-issued subpoena or she would ask the probate court to hold them in contempt. The probate court also instructed Gagliano to return to the court on September 28 if she had not received a response to her letters putting the companies on notice that she would seek a contempt order if they continued to withhold information. The probate judge advised Gagliano several times to retain an attorney to assist with the estate, but she did not hire counsel.

Thereafter, Gagliano filed nineteen miscellaneous petitions for the probate judge to consider at the September 28 hearing, but she did not appear in court that day. She did not notify the probate court that she was not going to appear, nor did she provide any reasons for her failure to appear at the hearing after the hearing date had passed. On October 2, 2017, the probate judge entered an order decreeing that "the executrix is not capable of proceeding pro se as the issues involved in this estate have become too complicated and the executrix's actions in this matter are impeding the efficient and effective administration of this estate." The probate court judge ordered Gagliano to obtain legal representation by October 26, 2017, or he would remove her as executrix of her husband's estate.

Rather than retain counsel, Gagliano filed a timely claim of appeal from the October 2 order as well as a "Statement of Reasons of Appeal" in Washington County Superior Court, naming the Narragansett Probate Court, through the probate court judge, as defendant. Gagliano

effusively set out the reasons for her appeal, including accusations that the probate court had not issued the subpoenas she requested in the form she submitted, the probate judge mistreated her during the August 24 hearing, and the probate judge violated her constitutional rights by ordering her to either hire an attorney or be removed as executrix of her husband's estate. Gagliano also claimed that the probate judge gave her permission not to appear at the hearing scheduled for September 28 but then ultimately punished her with the October 2 order when she did not appear. At least half of Gagliano's forty-three-page "Statement of Reasons of Appeal" documented the ways in which she believed the probate judge, the probate court staff, and the Narragansett assistant town solicitor had harassed her or attempted to prevent her from pursuing her appeal to the Superior Court.

The defendant filed a motion to dismiss the appeal, asserting that Gagliano's claims of error were not among the recognized purposes of judicial review of probate court decisions by the Superior Court and that the probate judge was not a proper party-defendant. Gagliano filed a written objection to defendant's motion, but, again, did not attend the hearing. The defendant's motion to dismiss was heard in Superior Court on January 16, 2018. The hearing justice noted Gagliano's absence and granted defendant's motion. Final judgment dismissing the appeal entered on January 30, 2018. Gagliano filed a timely notice of appeal to this Court. We review the dismissal of a probate court appeal for abuse of discretion. *See In re Estate of Paroda*, 845 A.2d 1012, 1017 (R.I. 2004).

Gagliano's prebriefing statement provides a comprehensive summary of the travel of her case through the probate court, Superior Court, and this Court, and incorporates by reference her "Statement of Reasons of Appeal" that she filed in Superior Court. Other than making broad claims of mistreatment by court staff, judges, and opposing counsel, for which we find no basis,

Gagliano does not provide any legal argument about how the Superior Court hearing justice abused her discretion by dismissing the probate court appeal. There is, therefore, no cognizable legal issue for us to consider.

An appeal pursuant to G. L. 1956 chapter 23 of title 33 "is not an appeal on error but is to be heard de novo in the [S]uperior [C]ourt." Section 33-23-1(b). Therefore, "the effect of the probate judge's judicial attitude toward appellant is of no consequence." *Malinou v. McCarthy*, 98 R.I. 189, 192, 200 A.2d 578, 579 (1964). "[T]he [S]uperior [C]ourt will decide the case on the facts presented to it and on its view of the law applicable thereto without regard to the probate judge's decision or the alleged unjudicial motivations that may have prompted it." *Id.* We also note that Gagliano has undertaken the "very difficult task" of proceeding *pro se*, despite the probate court's repeated advice that she retain counsel to assist in her responsibilities as executrix of the estate. *Jacksonbay Builders, Inc. v. Azarmi*, 869 A.2d 580, 585 (R.I. 2005). Accordingly, she is entitled to some latitude by the courts, although not "greater rights than those [who are] represented by counsel."[2] *Id.* (quoting *Gray v. Stillman White Co., Inc.*, 522 A.2d 737, 741 (R.I. 1987)).

A careful review of the record and Gagliano's written submissions reveal that Gagliano has not raised any cognizable legal issues for our determination, including any way in which the Superior Court justice abused her discretion when she dismissed this probate appeal. Accordingly, the order of the Superior Court dismissing the appeal is affirmed, and the record of this case is remanded to the Superior Court.

---

[2] Specifically, Gagliano is not entitled to the personal communications or actions she has sought from court staff or the *ex parte* communications she has sought at each stage of her case from any of the judicial officers at the probate court, Superior Court, or this Court.

Entered as an order of this Court on this 17th day of April, 2019.

By Order,

_____/s/_____
Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Estate of Sergio Prete v. Probate Court of the Town of Narragansett, James L. Sheridan, Probate Judge. | |
| **Case Number** | No. 208-59-Appeal. (WP 17-547) | |
| **Date Order Filed** | April 17, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Sarah Taft-Carter | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Guiseppina Gagliano, Pro Se | |
| | For Defendant:<br><br>Andrew H. Berg, Esq. | |